UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) ) ) This Document Relates to: ) *Charles D. Rataj* ) ) Civil Case No. 7:20-cv-64733 ) | Case No. 3:19-md-02885-MCR-GRJ Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## DEFENDANTS' BRIEF REGARDING CHOICE OF LAW

Plaintiff's claims are governed by Mississippi's substantive law. Plaintiff first was issued the Dual-Ended Combat Arms Earplug ("the CAEv2") in September or October 2004 at Camp Shelby, Mississippi, just prior to his deployment to Iraq from 2004-2005. *See* Ex. 1, Rataj 2/18/2022 Dep. 122:06-14, 170:14-171:18, 174:22-175:16; *see also* Ex. 2, Plaintiff's Resp. to Defendant's First Interrogatories at No. 3. Plaintiff first used the CAEv2 at Camp Shelby at the M4 rifle range in the Fall of 2004. Ex. 1 Rataj 2/18/2022 Dep. 174:22-175:12, 193:15-20; Ex. 2 at No. 5. Though Plaintiff later used the CAEv2 while deployed to both Iraq and Afghanistan, he first noticed the hearing loss and tinnitus he associates with his use of the CAEv2 in October 2004 at Camp Shelby and testified that he believes these injuries were caused by his use of the CAEv2 based on his "experience with them in 2004 and 2005." Ex. 1, Rataj 2/18/2022 Dep. 174:22-175:12, 213:17-214:18, 221:3-12,

1

225:1-10; *see also* Ex. 2, Plaintiff's Resp. to Defendant's First Interrogatories at No. 2. Similarly, Plaintiff's case-specific expert, Dr. Hamad Chaudhary, notes that Plaintiff's first hearing loss and tinnitus occurred during pre-deployment training at Camp Shelby in 2004. Ex. 3, Chaudhary Report at 12.

Under these facts, the applicable provisions of 28 U.S.C. § 5001(b), and traditional choice-of-law rules, Plaintiff's claims are governed by Mississippi's substantive law.

## ARGUMENT

I. **Federal statute dictates that Mississippi law applies to an action where the claimed injury happened at Camp Shelby.**

If Plaintiff's alleged injury occurred on a domestic military installation, choice of law is controlled by federal statute. *See* 28 U.S.C. § 5001(b). The crucial question of where each plaintiff sustained her alleged injuries is a fact question, but it is appropriate for a judge, and not a jury, to resolve fact questions that bear on the choice-of-law analysis. *See In re Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155, 1160–61 (N.D. Cal. 2016) (collecting authority).

"Relevant to this litigation, . . . the traditional choice of law analysis may be supplanted by a federal statute in the event a plaintiff's injury was sustained in a place subject to the exclusive jurisdiction of the United States." *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-02885, ECF No. 1599 (citing 28 U.S.C. § 5001(b)). "[T]he statute provides the applicable choice of law rule and

instructs that if 'a civil action [is] brought to recover on account of an injury sustained in a place described in subsection (a)' of the statute, *i.e.* a place 'subject to the exclusive jurisdiction of the United States within a State,' then 'the rights of the parties shall be governed by the law of the State in which the place is located.'" *Id.* Military bases and properties located in the United States are subject to Section 5001 or its predecessor, 16 U.S.C. § 457. *Id.* (citations omitted). Accordingly, the law of the State of Mississippi—where Camp Shelby is located—applies.

## II. Traditional choice-of-law principles also call for application of Mississippi law.

Even assuming the provisions of § 5001(b) do not apply (*i.e.*, if Plaintiff's alleged injuries occurred overseas), it would not affect choice of law. Where the plaintiff sustained injuries overseas, the Court should apply the choice-of-law rules of the court where the plaintiff would have brought his case if not for inclusion in this multidistrict litigation proceeding. *See Wahl v. Gen. Elec. Co.*, 786 F.3d 491, 496 (6th Cir. 2015). Here, the parties have agreed that an appropriate venue for this case is the District of Vermont. *See* ECF No. 12. Vermont applies the "most significant relationship" test when considering disputes over choice of law. *Miller v. White*, 167 Vt. 45, 47, 702 A.2d 392, 393 (1997).

The factors to be considered when applying this test include "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place

of business of the parties, and (d) the place where the relationship, if any, between the parties in centered." Restatement (Second) Conflicts of Laws § 145(2); *McKinnon v. F.H. Morgan & Co., Inc.*, 170 Vt. 422, 425, 750 A.2d 1026, 1029 (2000). Applying those factors here, Mississippi law should apply.

### A. The place where the injury occurred.

Here, neither party advocates for the application of foreign law. Accordingly, this factor is neutral.

### B. The place where the conduct causing the injury occurred.

This case concerns allegedly negligent design and labeling decisions made by Aearo in 1999 and 2000, all of which took place at the company's headquarters in Indiana. However, neither Plaintiff nor Defendant advocate for the application of Indiana law. This factor is therefore neutral.

### C. The domicile, residence, nationality, place of incorporation and place of business of the parties.

Plaintiff's domicile is Vermont. *See Crouch v. Gen. Elec. Co*., 699 F. Supp. 585, 590 (S.D. Miss. 1988) (considering state where army personnel stationed as the state of residence). Aearo is a Delaware corporation with its headquarters and principal place of business in Indiana. 3M Company is incorporated in the state of Delaware with its principal place of business in Minnesota. This factor is therefore neutral.

**D.     The place where the relationship, if any, between the parties is centered.**

Plaintiff was issued the CAEv2 at Camp Shelby in Mississippi, first used the CAEv2 at Camp Shelby in Mississippi, and noticed his alleged injuries at Camp Shelby in Mississippi and then in Iraq. Vermont has no power to regulate the military equipment that soldiers use in Mississippi or Iraq, nor does it have any interest in doing so. *See Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1237 (10th Cir. 2012). To the extent the relationship is centered in any state, it is centered in Mississippi. *Linfoot v. McDonnell Douglas Helicopter Co.*, 2015 WL 1190171, at *5 (M.D. Tenn. Mar. 16, 2015).

## CONCLUSION

For these reasons, Mississippi law should govern.

DATED: July 18, 2022

                                             Respectfully submitted,

                                             GORDON REES SCULLY MANSUKHANI

                                             */s/ Leslie A. Benitez*
                                             Leslie A. Benitez, *Admitted Pro Hac Vice*
                                             Texas State Bar No. 2134300
                                             901 South Mopac Expressway
                                             Building 1, Suite 480
                                             Austin, Texas 78746
                                             Telephone (512) 582-6471
                                             lbenitez@grsm.com

Nancy M. Erfle, *Admitted Pro Hac Vice*
Oregon Bar No. 902570
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Telephone: (503) 382-3852
nerfle@grsm.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 995 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

                                            */s/ Leslie A. Benitez*
                                            Leslie A. Benitez, *Admitted Pro Hac Vice*

# CERTIFICATE OF ATTORNEY CONFERENCE

Counsel for Defendants certify that they have complied with the attorney-conference requirement of Local Rule 7.1(B), and the parties cannot agree as to the choice of law.

>                              */s/ Leslie A. Benitez*
>                              Leslie A. Benitez, *Admitted Pro Hac Vice*

# CERTIFICATE OF SERVICE

I do hereby certify that on this 18th day of July, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Northern District of Florida using the electronic case filing system of the Court, which will send electronic service to all registered counsel of record.

<i>/s/ Leslie A. Benitez</i><br>
Leslie A. Benitez, <i>Admitted Pro Hac Vice</i>