# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF
# FLORIDA PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Charles Rataj v. 3M Company*<br>Case No. 7:20-cv-64733-MCR-GRJ | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PLAINTIFF'S BRIEF IN SUPPORT OF VERMONT AS CHOICE OF LAW

Plaintiff, Charles Rataj, submits the following Brief in support of Vermont as the choice of law for his claims.

## BACKGROUND

Under Vermont's most significant relationship test, Vermont law applies to Plaintiff's claims. Plaintiff first suffered permanent tinnitus and hearing loss from the CAEv2 in Iraq, but Plaintiff lived in Vermont throughout his military service, and in Vermont his injuries "continued to worsen," MDL-Dkt. 1615 at 2 (*McCombs*), and he received the CAEv2 and used the CAEV2 for the longest time domestically there. Despite previously conceding that Camp Shelby is not a federal enclave, *Wilkerson*, 7:20-cv-35, Dkt. 37 at 9-10 & n.2, Defendants reverse course and now argue that Mississippi law should apply because Plaintiff received his first pair of CAEv2 and "first noticed" his hearing loss and tinnitus at Camp Shelby. Dkt.

1

17 at 1. On balance, Vermont clearly has the most significant relationship to this case and not Mississippi, where Plaintiff spent a few months prior to his deployment.

## ARGUMENT

### I. Vermont choice-of-law rules apply to Plaintiff's claims.

"Generally, a federal court sitting in diversity applies the conflict of law rules of the forum state to determine which state's substantive laws govern a plaintiff's state law claims." MDL-Dkt. 1599 at 2. The District of Vermont is the proper forum for Plaintiff's case. Dkt. 14. If the plaintiff was injured on a federal enclave, federal statute supplants the traditional choice-of-law analysis. *Id.* at 3 (citing 28 U.S.C. § 5001(b)). Otherwise, the forum's choice-of-law rules apply. MDL-Dkt. 1615 at 2. Because Plaintiff was not injured on a federal enclave,[1] Vermont's choice-of-law rules apply.[2]

Vermont applies the "most significant relationship test" under the Restatement (Second) Conflict of Laws. *McKinnon v. F.H. Morgan & Co.*, 170 Vt. 422, 424, 750 A.2d 1026, 1028 (2000). Courts consider "(a) the place where the

---

[1] http://www.militarybases.us/army/camp-shelby/ (state owned); https://www.acq.osd.mil/eie/Downloads/BSI/Base%20Structure%20Report%20FY18.pdf at 53.

[2] Vermont first considers whether the states' laws conflict. *In re Ambassador Ins. Co.*, 2022 VT 11, ¶ 16, 275 A.3d 122, 126 (Vt. 2022). Here, Vermont clearly recognizes the "discovery rule" to determine when a cause of action accrues, *see* 12 V.S.A. § 512(4), and it is less clear whether Mississippi applies such a rule. *Donald v. Amoco Prod. Co.,* 735 So.2d 161, 168 (Miss. 1999)

injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.'" *Id.* The Court can resolve choice of law factual issues by a preponderance of evidence standard. MDL-Dkt. 3300.

**II.     Vermont has the most significant relationship with Plaintiff's claims.**

The most significant relationship test compels application of Vermont law.

**A.     The place where the injury occurred**

Plaintiff was in Iraq and Vermont when his permanent hearing injuries manifested. The first time Plaintiff used the CAEv2 (at Camp Shelby), he experienced temporary hearing loss and tinnitus, but the hearing loss "dissipated and went away," PX1 (Rataj-Depo. 214:19-23), and the tinnitus subsided after forty-five minutes or an hour, PX1 (Rataj-Depo. 221:3-222:14). It was not until Iraq that Plaintiff experienced persistent and permanent tinnitus, PX2 (Chaudhary Report 19); PX1 (Rataj-Depo. 222:15-223:1), the "severity" of which he felt only once he returned to Vermont in late 2005, PX3 (Chaudhary Depo. 114:3-16); PX4 (ORB) (12/11/2005 stationed in Rutland, Vermont). Similarly, Plaintiff noticed persistent hearing loss when he returned to Vermont. PX1 (Rataj-Depo. 215:16); PX4 (ORB). Plaintiff's June 12, 2009 audiogram (in Vermont) showed hearing loss in his left ear and constitutes the first "objective" measurement of Plaintiff's injury. PX2

(Chaudhary Report at 11); PX3 (Chaudhary Depo: 95:5-22); PX5 (audiogram).

**B.     The place where the conduct causing the injury occurred**

This factor is neutral.

**C.     The domicile, residence, nationality, place of incorporation and place of business of the parties**

This factor favors Vermont.  Plaintiff was a member of the Vermont National Guard from 1992-2015 and was a resident of Vermont throughout his military career. *See* PX6 (2000 DD-214); PX7 (2010 DD-214). Defendants' principal place of businesses and headquarters are in Minnesota, Delaware, and Indiana, none of which are at issue here. This does not render the factor "neutral," as Defendants argue. Dkt. 17 at 4. Because Plaintiff's residence during the relevant time was Vermont, this factor favors Vermont. *See Price v. Litton Sys.*, Inc., 784 F.2d 600, 604 (5th Cir. 1986) (applying most significant relationship test and finding residence factor favors Alabama because it was the party's temporary residence at time of accident).

**D.     The place where the relationship between the parties is centered**

This factor implicates both Mississippi and Vermont, but Vermont is ultimately favored. Plaintiff received his first pair of CAEv2 at Camp Shelby, Mississippi during pre-deployment training a couple of months prior to his Iraq deployment. PX8 (Rataj-Rog-3, 4); PX1 (Rataj-Depo. 170:14-18; 174:22-175:12). Plaintiff used the CAEv2 at Camp Shelby for two to three months. PX8 (Rataj-Rog-

5); PX1 (Rataj-Depo. 85:12-23).

Plaintiff received his second pair of CAEv2 in Rutland, Vermont in 2008 or 2009. PX8 (Rataj-Rog-3); PX1 (Rataj-Depo. 171:19-23). Plaintiff received a written label or instructions with his second pair of CAEv2 in Vermont but did not receive any written instructions at Camp Shelby. PX1 (Rataj-Depo. 182:17-21; 183:3-184:14). Contrary to Defendants' argument, Dkt. 17 at 5, Vermont has the power and interest to regulate military equipment soldiers receive and use within its borders. This factor therefore favors Vermont.

## Conclusion

Application of these facts compels Vermont law because Plaintiff suffered his injuries, received the CAEv2 with written instructions, and resided while serving in the Vermont National Guard (and wearing the CAEv2) in Vermont. Although Plaintiff received his first pair of CAEv2 and was stationed in Mississippi on a two-or-three-month detour to Camp Shelby, Plaintiff has no other connection to Mississippi. On balance, Vermont has the stronger ties and Vermont law applies.

Dated: July 20, 2022				Respectfully submitted,

				<u>*/s/ Nicole C. Berg*</u>
				Nicole C. Berg (IL Bar #6305464)*
				ncb@kellerpostman.com
				KELLER POSTMAN LLC
				150 N. Riverside Plaza, Suite 4100
				Chicago, Illinois 60606
				(312) 741-5220
				**Admitted Pro Hac Vice*

				*Attorney for Plaintiff*

**CERTIFICATE OF COMPLIANCE
WITH LOCAL RULES 7.1(F) AND 56.1(E)**

I hereby certify that this motion complies with the word limit of Local Rules 7.1(F) and 56.1(E) and contains 977 words.

> */s/ Nicole C. Berg*
> Nicole C. Berg

# CERTIFICATE OF COMPLIANCE
# WITH LOCAL RULES 7.1(B) AND 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs and Defendants Remand Leadership and Special Master Adriane Theis conferred on July 12, 2022, regarding the foregoing motion but were unable to resolve issue with Defendants.

*/s/ Nicole C. Berg*
Nicole C. Berg

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system on July 20, 2022.

*/s/ Nicole C. Berg*
Nicole C. Berg